```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------- X
MONJASA A/S,                     :
                                 :   No. ____
                      Plaintiff, :
                                 :
          - against -            :
                                 :
MUND & FESTER GMBH & CO KG a/s/o :
BRIESE SCHIFFAHRTS GMBH & CO MS  :
KNOCK KG,                        :
                                 :
                      Defendant. :
-------------------------------- X
```

## COMPLAINT FOR DECLARATORY RELIEF

Petitioner, Monjasa A/S, by its attorneys Blank Rome LLP, for its Complaint against Defendant Mund & Fester GmbH & Co KG a/s/o Briese Schiffahrts GmbH & Co MS "Knock" KG, owners of the M/V BBC SCOTLAND (collectively "Defendants"), alleges as follows:

### PARTIES

1. Plaintiff Monjasa A/S is a Danish company with its principal place of business in Fredericia, Denmark. Monjasa A/S is one of several affiliated and subsidiary companies involved in worldwide sales of marine fuel to vessels.

2. On information and belief, Defendant Mund & Fester GmbH & Co KG is a German insurance company with its principal place of business in Hamburg, Germany. Briese Schiffahrts GmbH & Co. KG MS "Knock" KG is a German company with its principal place of business in Leer, Germany, and the owner of the M/V BBC SCOTLAND.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1333.  This is a case of

admiralty and maritime jurisdiction and is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

4. Venue is proper in this jurisdiction because Defendants have demanded arbitration in this jurisdiction.

## SUMMARY OF THE ACTION AND RELIEF SOUGHT

5. This action arises out of Defendants' demand for arbitration against Plaintiff under a contract to which neither Defendants nor Plaintiff is a party.

6. Plaintiff seeks a declaratory judgment holding that Plaintiff is not obligated to arbitrate the underlying dispute with Defendants.

## FACTS

7. On or about December 12, 2014, Monjasa Lda, a company organized and existing under the laws of Angola and having its principal place of business in Luanda, Angola, contracted with Angolana de Navegacao, Lda ("ANNA") to supply 30 metric tons of gasoil DMA to the M/V BBC SCOTLAND (the "Vessel"). (Bunker Confirmation annexed as Ex. 1.)

8. ANNA was the time charterer of the Vessel, and under the time charter ANNA was required to provide fuel to the Vessel.

9. On information and belief, ANNA is a company separate and distinct from Defendants.

10. The Bunker Confirmation contained all material terms of the parties' contract, including the price, quantity and governing terms and conditions (the "Monjasa Terms"), which were incorporated by reference.

11. The Bunker Confirmation and Monjasa Terms were the contract ("Bunker Supply Contract") pursuant to which Monjasa Lda sold the fuel to ANNA.

2

12. The Bunker Confirmation was issued solely to ANNA. The email conveying the Bunker Confirmation is annexed as Exhibit 2.

13. Monjasa Lda and ANNA agreed that the fuel would be provided to the Vessel offshore of the Malonga Terminal in Angolan territorial waters via a ship to ship transfer ("STS Transfer"). Monjasa Lda intended to use the bunker vessel M/V GOLDEN OAK for this purpose.

14. Monjasa A/S was not a party to the Bunker Supply Contract, nor was it the owner or charterer of the GOLDEN OAK.

15. On December 19, 2014, as the Vessel was approaching the anchored GOLDEN OAK, the Vessel allided with and damaged the GOLDEN OAK.

16. The Vessel was never secured to the GOLDEN OAK, and thus the STS Transfer from the M/V GOLDEN OAK never occurred.

17. On December 20, 2014, the DUZGIT VENTURE on behalf of Monjasa Lda supplied the fuel to the Vessel. Upon completion of the fuel supply, the DUZGIT VENTURE issued a bunker delivery note ("BDN"). (The BDN is annexed as Ex. 3.)

18. The BDN is not part of the Bunker Supply Contract between Monjasa Lda and ANNA, and by law does not alter the parties to that contract.

19. On December 23, 2014, Monjasa Lda sent an invoice by email to ANNA for the fuel delivered to the Vessel seeking payment under the Bunker Supply Contract. (Invoice AO20183 and the email transmittal are annexed hereto as Ex. 4 and 5.)

A. **The Monjasa Terms**

20. The Monjasa Terms provide, in relevant part:

    **1. Definitions**

"Sellers" means the party contracting to sell and deliver Marine Fuels;

"Buyers" means the party contracting to purchase, take delivery and pay for the Marine Fuels;

"Bunker Tanker" means bunker barge or tanker or tank truck supplying Marine Fuels to the Vessel.

**16. Dispute Resolution**

This Contract shall be governed by and construed in accordance with Title 9 of the United States Code and the Maritime Law of the United States and any dispute arising out of or in connection with this Contract shall be referred to three persons at New York, one to be appointed by each of the parties hereto, and the third by the two so chosen . . . The proceedings shall be conducted in accordance with the rules of the Society of Maritime Arbitrators, Inc. . . ..

(The Monjasa Terms are annexed as Ex. 6.)

### B. Defendants' Claim

21. On or about November 20, 2018, the owner and insurer of the BBC SCOTLAND (Defendants) entered into a settlement agreement with the owners and insurers of the GOLDEN OAK pursuant to which the BBC SCOTLAND interests (Defendants) paid to the GOLDEN OAK interests $300,000 (the "Settlement Amount").

22. On June 12, 2019, Defendants sent a demand to Plaintiff appointing an arbitrator and demanding arbitration pursuant to the Society of Maritime Arbitrators, Inc. ("SMA"). The demand sought indemnity from Plaintiff for the Settlement Amount and alleged that Plaintiff was liable for Defendants' damages pursuant to Clause 12(c) of the Monjasa Terms. (Defendants' Arbitration Demand is annexed as Ex. 7).

23. On June 20, 2019, counsel for Plaintiff rejected the arbitration demand and asserted that Defendants were not a party to the Bunker Supply Contract and have no rights under that contract, much less any right to demand arbitration, and requested that Defendants immediately withdraw the arbitration demand. (This correspondence is annexed as Ex. 8).

24. On June 21, 2019, Defendants wrote affirming their intention to proceed with arbitration. (This correspondence is annexed as Ex. 9).

## REQUEST FOR DECLARATORY JUDGMENT

25. Monjasa A/S incorporates by reference paragraphs 1 through 24 above as though fully set forth herein.

26. An actual and immediate controversy exists between the parties concerning whether Plaintiff is required to arbitrate any dispute with Defendants arising out of the Bunker Sales Contract.

27. The four corners of the Bunker Supply Contract contained all material terms of the contract between Monjasa Lda and ANNA, and neither Defendants nor Plaintiff were a party to that contract.

28. The BDN issued eight days after the Bunker Supply Contract was formed did not make Defendants or Plaintiff a party to the Bunker Supply Contract, nor does it grant Defendants any rights against Plaintiff.

29. Monjasa A/S therefore seeks a declaration that (i) Defendants were not a party to the Bunker Supply Contract and that Defendants are not entitled to avail themselves of the arbitration clause in the Monjasa Terms to demand arbitration against anyone or, (ii) in the alternative, if Defendants are a party to the Bunker Supply Contract (which is

5

denied), the arbitration demand is not valid against Plaintiff since Monjasa Lda and not Plaintiff was party to the Bunker Supply Contract.

WHEREFORE, Monjasa requests that, upon a final determination by this Court, judgment be entered in its favor:

    a.    Holding that Defendants are not entitled to avail themselves of the arbitration clause in the Monjasa Terms and therefore Plaintiff is not required to arbitrate any dispute with Defendants;

    b.    Holding, in the alternative, that even if Defendants are a party to the arbitration clause in the Monjasa Terms, Plaintiff is not, and is not required to arbitrate with Defendants;

    c.    An order granting Plaintiff such other and further relief as the Court deems just and appropriate.

Dated: New York, New York
       July 1, 2019

BLANK ROME LLP

By:   /s/ Richard V. Singleton

Richard V. Singleton
Emma C. Jones
1271 Avenue of the Americas
New York, NY 10020
(212) 885-5166
*Attorneys for plaintiff*
*Monjasa A/S*